## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Dwayne Hollins,**<br>**#K78282,** | |
| **Plaintiff,** | **Case No. 21-cv-1143-SPM** |
| **v.** | |
| **Daniel Monti,**<br>**Ms. Johnston, and**<br>**Dr. David,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Dwayne Hollins, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Hollins claims that while housed at Shawnee he has been denied adequate medical treatment, specifically for persistent pain in his lower back. Hollins seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance*

*Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Hollins alleges the following: In January of 2021, he began having muscle spasms in his lower back. (Doc 1, p. 6). The treatment for this issue was delayed. He submitted several requests to Shawnee's healthcare facility but did not receive treatment for an unspecified amount of time.

When Hollins did see a doctor, Dr. David, an appointment for an x-ray was set for about a week later. A week following his x-ray, he received his results, which "indicated nothing." During this time, his condition worsened, causing him great pain. Dr. David prescribed medication which did not alleviate his symptoms. After several days of taking his prescribed medication, Hollins notified Shawnee's healthcare facility care that his symptoms were persisting. He was scheduled for a second x-ray and was prescribed by Dr. David the same medication as had been prescribed previously. Hollins suffered greatly during this time, even requiring assistance to move.

In 2019, Hollins suffered a similar muscle spasm issue, which was immediately treated to his satisfaction. Hollins repeatedly asked Dr. David to review his medical records and to "give [him] the same thing the doctor gave [him] before," but Dr. David refused. Hollins wrote several emergency grievances about this issue, but "no one has responded."

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. David for delaying and denying Hollins adequate treatment for his chronic back pain and related medical issues.

**Count 2:** Eighth Amendment deliberate indifference claim against Daniel Monti and Ms. Johnston for their role in delaying and denying Hollins adequate treatment for his chronic back pain and related medical issues.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

To state an Eighth Amendment deliberate indifference claim based on the denial of medical care, a plaintiff must plead facts sufficient to show that (1) his medical condition was sufficiently serious, and (2) the defendant acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017); *see also Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996).

Hollins alleges that he suffered great pain as a result of his chronic back spasms. (Doc 1, p. 6). This condition was so serious that, at times, he needed assistance walking. As a result, he sought treatment from Shawnee's healthcare facility. Dr. David administered x-rays on two separate occasions and prescribed medication based on his findings. While the "receipt of some medical care does not

---

• [1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

automatically defeat a claim of deliberate indifference," *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007), the facts alleged by Hollins do not plausibly indicate that Dr. David acted "in an intentional or criminally reckless manner," despite Hollins' displeasure with Dr. David's method of treatment. *Board v. Farnham*, 294 F.3d 469, 478 (7th Cir. 2005).

Hollins has failed to provide in his complaint any substantive information about his medical condition or Dr. David's treatment and knowledge, such as his x-ray results, the names of the medications prescribed in 2019 or 2021, or diagnosis. Absent such information, it cannot be plausibly presumed that Dr. David acted with deliberate indifference to Hollins' medical needs. Without more supporting factual detail inferring a departure by Dr. David from medical standards in his treatment of Hollins' muscle spasms, Hollins has failed to plead a claim for deliberate indifference. *See Thomas v. Martija*, 991 F. 3d 763, 772 (7th Cir. 2021) (it "is not enough that the plaintiff simply believes the treatment was ineffective or disagrees with the doctor's chosen course of treatment."). Accordingly, Count 1 is dismissed without prejudice.

### Count 2

Hollins claims that Shawnee's warden, Daniel Monti, and its medical director, Ms. Johnston, knew about Hollins' delayed and inadequate treatment because of their positions and titles. He also claims that Monti is subject to liability because, as warden, Hollins is in his custody.

Here, Hollins has not sufficiently pled a deliberate indifference claim against Warden Monti and Ms. Johnston. Hollins' assertions that the two are liable because their positions and titles placed them in a position where they learned of Hollins'

plight, and that Monti is liable because Hollins was in his custody, are conclusory and not supported by any factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (courts are not required to assume that conclusory allegations are true, even early in litigation). It is possible that they could have obtained this knowledge through their positions, but the facts, as alleged, are insufficient to establish as such.

Furthermore, individual liability under Section 1983 requires "personal involvement in the alleged constitutional deprivation." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Hollins has failed to allege actual personal involvement by Monti or Johnston in his treatment. Accordingly, Count 2 is dismissed without prejudice as to Daniel Monti and Ms. Johnston.

## DISPOSITION

For the reasons stated above, the Complaint, including Counts 1 and 2, does not survive preliminary review pursuant to Section 1915A and is **DISMISSED without prejudice** for failure to state a claim.

Hollins is **GRANTED** leave to file a "First Amended Complaint" on or before **August 5, 2022.** It is strongly recommended that Hollins use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01143-SPM). Further, Hollins should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in

chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Hollins a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If Hollins fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

Hollins is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Hollins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 8, 2022**

   *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.